RENDERED:  APRIL 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0002-MR

DESHAWN HOWARD                                         APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.               HONORABLE ERNESTO M. SCORSONE, JUDGE
ACTION NO. 19-CR-00225

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, MAZE, AND MCNEILL, JUDGES

MAZE, JUDGE:  Appellant, Deshawn Howard, appeals the Fayette Circuit Court's order denying his motion to suppress evidence.  For the following reasons, we affirm.

**BACKGROUND**

On November 3, 2018, Officer Quinn Chandler of the Lexington Police Department, received an anonymous tip. The anonymous informant advised that a person named "D" sold cocaine and methamphetamine out of a house on Winterberry Drive in Lexington, Kentucky. Officer Chandler coordinated surveillance efforts on that location. Also, using a police database, he learned that Deshawn Howard lived in the home being surveilled. Officer Chandler concluded that Deshawn Howard was likely "D." Ultimately, undercover police officers could not find any evidence of drug trafficking while surveilling the residence.

However, on December 17, 2018, while working his regular patrol shift around 11:30 p.m., Officer Chandler recognized a white Jeep, which he had seen Deshawn Howard drive. Officer Chandler also saw a subject matching the description of Deshawn Howard leave a Speedway store and enter the vehicle. Officer Chandler followed the vehicle to 2308 Rocky Point Court and parked down the block to avoid being seen. Another Lexington police officer, Sergeant Thurman, was assisting. Sgt. Thurman saw a white Chevrolet pull up to the residence at 2308 Rocky Point Court, enter, exit the home within five minutes, and then drive away. Another assisting officer followed the white Chevrolet and pulled it over for failing to use a turn signal. Three people were in the white Chevrolet. A narcotics canine was called and alerted the officer of possible narcotics in the

vehicle. After searching, officers found cocaine. The vehicle occupants told officers they purchased the cocaine at 2308 Rocky Point Court from an individual named Termite, but another person named "D" also sold drugs in the residence.

Officers then saw the white Jeep leave the residence at 2308 Rocky Point Court with a white Buick. Officers conducted a *Terry*[1] stop of the two vehicles. Deshawn Howard operated the white Jeep. During the stop, a narcotics canine positively alerted officers to possible drugs. After conducting a search, officers found a handgun, a plastic bag containing sixteen grams of cocaine, and a large amount of cash in the white Jeep. Officers arrested Deshawn Howard, and he was indicted.

Before trial, Howard's counsel moved to suppress the evidence uncovered at the *Terry* stop. After an evidentiary hearing, the trial court denied Howard's motion, finding a reasonable, articulable suspicion existed for the stop. Consequently, Howard entered a conditional guilty plea to the charges of trafficking in a controlled substance in the first degree, being a convicted felon in possession of a handgun, and being a persistent felony offender in the second degree. The trial court sentenced Howard in accordance to the plea agreement on December 20, 2019. This appeal followed.

---

[1] Referencing *Terry v. Ohio*, 392 U.S. 1 (1968), which allows officers to conduct a search if they possess a reasonable suspicion of criminal activity.

## STANDARD OF REVIEW

When reviewing a trial court's order to suppress evidence, we use a two-pronged standard of review. First, "we review the trial court's factual findings for clear error, and deem conclusive the trial court's factual findings if supported by substantial evidence." *Williams v. Commonwealth*, 364 S.W.3d 65, 68 (Ky. 2011). "Inherent in our review is the reality that police officers may draw inferences of illegal activity from facts that may appear innocent to a lay person. Accordingly, we must give due deference to the trial court in assessing the credibility of the officers and the reasonableness of their inferences." *Fletcher v. Commonwealth*, 182 S.W.3d 556, 558 (Ky. App. 2005). Second, we review "[t]he trial court's application of the law to the facts" *de novo*. *Williams*, 364 S.W.3d at 68. Therefore, we use the clearly erroneous standard of review when analyzing the trial court's factual findings but perform a *de novo* review of the court's application of the law to the facts.

## ANALYSIS

"A police officer may constitutionally conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Bauder v. Commonwealth*, 299 S.W.3d 588, 590-91 (Ky. 2009) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). A reasonable suspicion is more than an "unparticularized suspicion or 'hunch.'" *Id.* at 591 (quoting *Terry*, 392 U.S. at

27)). "Reasonable suspicion, while requiring less of a showing than probable cause, requires at least a minimal level of objective justification for making the stop." *Id.* (citing *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). "Accordingly, the stop of an automobile and the resulting detention of the driver are unreasonable, under the Fourth Amendment, absent a reasonable, articulable suspicion that the driver is unlicensed, or that the automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of the law." *Id.* (citing *Delaware v. Prouse*, 440 U.S. 648, 663 (1979)). The Court "must consider the totality of the circumstances in determining whether a police officer had a particularized and objective basis for suspecting that a person stopped may be involved in criminal activity." *Id.* (citing *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)).

Here, Howard argues the trial court erred by denying his motion to suppress because the police lacked a reasonable suspicion to stop and search his vehicle under the totality of the circumstances. Specifically, Howard claims the officer's suspicion was based on information from an anonymous informant whose veracity, reputation, and basis of knowledge cannot be readily assessed. Also, Howard claims the record does not state how the police deduced he was "D." Further, Howard argues the police followed him to a home that was not his residence and made a traffic stop of individuals who admitted they bought drugs

from Termite, not "D." Thus, under the totality of the circumstances, Howard argues the police did not have reasonable suspicion to stop and search his vehicle.

In his brief, Howard relies on two cases dealing with anonymous tips to argue that the police did not have a reasonable suspicion to justify the stop and seizure of him. In the first case, *Alabama v. White*, 496 U.S. 325 (1990), the police received an anonymous tip that a woman would leave an apartment carrying drugs to go to a designated motel. The police went to the apartment and followed the woman heading toward the motel. The police stopped the vehicle and performed a search, which revealed drugs. The Supreme Court held that the tip alone would not be enough to create reasonable suspicion, yet the totality of the circumstances provided enough to mend the gap in the officer's reasonable suspicion. *Id.* at 329. In the second case, *Florida v. J.L.*, 529 U.S. 266 (2000), the police received an anonymous tip that a black male wearing a plaid shirt and standing with two other males at a bus stop was carrying a gun. The police arrived and performed a frisk, which revealed a gun. The Supreme Court held that search was unlawful because the tip lacked a sufficient indicia of reliability upon which to base reasonable suspicion. *Id.* at 274.

While these two cases are informative for dealing with anonymous tips, in Howard's case, the police did not rely on the anonymous tip alone. Instead, Officer Chandler testified that the police conducted an investigation and performed

surveillance based on information received from the anonymous informant. When Officer Chandler and the other officers stopped the white Jeep to determine if it contained, or Howard had in his possession, illegal drugs, they had an objectively reasonable and articulable suspicion that the individual in the Jeep was "D" and had been involved in the trafficking of illegal drugs. Based on information from the anonymous informant, Officer Chandler conducted an investigation and surveillance, which identified Howard, the white Jeep he used, and his known address. The totality of the circumstances from the night of the stop and search, including the statements from the individuals in the white Chevrolet who identified Howard as trafficking in illegal drugs, demonstrated a reasonable suspicion of criminal activity.

The trial court had substantial evidence to support its findings. Accordingly, we hold that the traffic stop and subsequent search and seizure were constitutional because the totality of the circumstances alluded to a reasonable suspicion of illegal activity.

## CONCLUSION

For the above reasons, we affirm the circuit court's order.

ALL CONCUR.

BRIEF FOR APPELLANT:

Bradley Clark
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky